IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:06CV61-1-MU

| | |
|---|---|
| DANNY LYNN SNIDER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| STATE OF NORTH CAROLINA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** comes before the Court upon initial review of the Petitioner's Petition for Writ of Habeas Corpus (Document # 1) and Petitioner's Application to Proceed In Forma Pauperis (Document # 2), both filed May 16, 2006.

A prisoner is required to exhaust the remedies available to him in the state courts before he files a writ of habeas corpus in the federal courts. 28 U.S.C. § 2254(b)(1)(A). The United States Supreme Court has held that § 2254's exhaustion requirement requires "state prisoners to give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838 (1999). This "one full opportunity" includes filing petitions for discretionary review when that review is part of the ordinary appellate procedure in the State. Id.

In North Carolina, a petitioner may satisfy § 2254's exhaustion requirement by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the North Carolina Supreme Court for discretionary review or by filing a state post-conviction proceeding and petitioning the North Carolina Court of Appeals for a writ of certiorari. See N. C. Gen. Stat.

§ 7A-31; N.C. Gen. Stat. § 15A-1422.

In his Petition for a Writ of Habeas Corpus, Petitioner indicates that he directly appealed his case to the North Carolina Court of Appeals and then filed a petition with the North Carolina Supreme Court to review the denial of his direct appeal. Petitioner however indicates that he did not present any of the claims in his present federal habeas petition on direct appeal. Consequently, Petitioner has not exhausted these claims through the direct review process.

Petitioner also indicates on his petition form that he did not file any state post-conviction proceedings. Thus, he has not exhausted the claims in his present federal habeas petition through post-conviction proceedings. The Court therefore concludes, based upon the evidence provided to the Court by the Petitioner himself, that he has failed to fully exhaust his state court remedies and his federal habeas petition must be dismissed.

The Court notes that Petitioner tries to excuse his failure to raise his claims in his state proceedings by alleging that against his wishes his appellate counsel failed to raise them on direct appeal. Claims of ineffective assistance of counsel, however, must also be exhausted and Petitioner has not exhausted these claims

In conclusion, the Court notes that Petitioner has filed an Application to Proceed In Forma Pauperis in conjunction with the filing of his federal habeas petition. A Petition for a Writ of Habeas Corpus requires a filing fee of $5.00. After reviewing the affidavit in support of the application to proceed in forma pauperis, the Court concludes that the Petitioner is unable to pay the filing fee. Accordingly, his motion to proceed in forma pauperis is granted.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Petitioner's Application to Proceed In Forma Pauperis is **GRANTED**; and

2. Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED without prejudice** for failure to exhaust his state court remedies.

Signed: May 18, 2006

Graham C. Mullen
United States District Judge